IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMTIAZ AHMAD, M.D., | : | CIVIL ACTION NO. 02-8673 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AETNA U.S. HEALTHCARE, et al., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| IMTIAZ AHMAD, M.D., | : | CIVIL ACTION NO. 03-820 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AETNA INC., et al., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                September 14, 2005

      Presently before the Court is Plaintiff Imtiaz Ahmad's ("Plaintiff") Motion to Remand. Plaintiff requests that the Court remand the current action to the Court of Common Pleas of Bucks County. For the reasons set forth below, Plaintiff's motion is granted.

**I. STANDARD**

      An action brought in state court may be removed to federal court on the ground of federal question jurisdiction if it is a civil action of which the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the

United States. 28 U.S.C. § 1441(b) (2004). Under the well-pleaded complaint rule, federal question jurisdiction, for removal purposes, exists only if a federal claim appears on the face of the complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908). A plaintiff may therefore avoid federal jurisdiction by exclusive reliance on state law. Caterpillar, 482 U.S. at 392. Because preemption is an affirmative defense, the well-pleaded complaint rule precludes a defendant from relying on ordinary preemption as a basis for removal jurisdiction. Caterpillar, 482 U.S. at 393. Thus, the fact that a defendant might prove that a plaintiff's claims are preempted does not establish that the are removable to federal court. See Caterpillar, 482 U.S. at 398-99 (holding that a defendant may not remove a case on the basis of a federal defense, even if the defense is anticipated in the complaint).

The Supreme Court, however, has recognized an exception to the well-pleaded complaint rule known as the "complete preemption" doctrine. "This doctrine holds that the preemptive force of a statute can be so extraordinary that it converts an ordinary state common law complaint into one stating a federal cause of action." Berman v. Abington Radiology Assocs., Inc., 1997 U.S. Dist. LEXIS 12322, 1997 WL 534804 at *3 (E.D. Pa. Aug. 14, 1997) (citing Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 354 (3d Cir. 1995). Accordingly, the doctrine allows a cause of action to be removed despite the absence of a federal question on the face of Plaintiff's well-pleaded complaint.

The doctrine of "complete preemption" applies only when the following two circumstances are present: (1) when the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls;

and (2) when there is a clear indication of a congressional intention to permit removal despite the plaintiff's exclusive reliance on state law. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 24-26 (1983); Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 63 (1987); Aaron v. Nat'l Union Fire Ins. Co., 876 F.2d 1157 (5th Cir. 1989).

## II. DISCUSSION

Plaintiff's Complaint set forth state law claims for Defamation (Count I) and Intentional Interference with Present and Prospective Contractual Relationships (Count II).[1] Defendants contend removal of this case was proper because Plaintiff's claims are completely preempted by Section 502 of the Employee Retirement Income Security Act ("ERISA") and the Medicare Act ("Medicare"). The issue presented before this Court is whether Plaintiff's claims are completely preempted by either ERISA or the Medicare Act.

### A. ERISA

It is well settled that claims arising under ERISA's civil enforcement provision are completely preempted. Dukes, 57 F.3d at 354 (citing Taylor, 481 U.S. at 64-66). ERISA's civil enforcement mechanism, Section 502(a), "is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Aetna Health, Inc. v. Davila, 159 L. Ed. 2d 312, 327 (2004) (quoting Taylor, 481 U.S. at 64-66). Hence, state law causes of action that are within the scope of Section 502(a) are completely preempted and thus

---

1. Each of Plaintiff's Complaints contain the same state and common law claims for Defamation and Interference with Present and Prospective Contractual Relations. See Pl.'s Mem. at 3-4. Plaintiff filed the second complaint because Defendant Aetna U.S. Healthcare, in its pleadings removing the first complaint from state court to federal court, asserted that the proper corporate Defendant was Aetna Health, Inc., a New Jersey subsidiary of Aetna U.S. Healthcare. Id.

removable to federal court.  Taylor, 481 U.S. at 65.  The Supreme Court recently clarified this issue in Aetna Health, Inc. v. Davila:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated benefit plan...then the suit falls within the scope of ERISA § 502(a)(1)(B).  In other words, if an individual, at some-point in time, could have brought his claim under ERISA § 502(a)(1)(B)...then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).

Davila, 159 L. Ed. 2d 312, slip op. at 8 (internal quotation and citation omitted).

Accordingly, this case is removable only if Plaintiff could have brought its state claims under Section 502(a).

Here, Plaintiff could not have brought it claims under Section 502(a) because he does not have standing to sue under the statute.  Section 502(a) of ERISA allows a participant or beneficiary in a plan to bring a civil action "to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Generally, health care providers lack independent standing under ERISA's statutory scheme because they are not ordinarily considered beneficiaries or participants.  See In re: Managed Care Litigation, 298 F.Supp.2d 1259, 1289-90 (S.D. Fla. 2003) (finding no ERISA preemption under § 502 in suits by fee-for-service providers against HMO insurers to recover compensation for medical services provided to Plan members); Pascack Valley Hospital, Inc., 288 F.3d 393, 400-404 (3d Cir. 2004) (holding that Defendant's removal of the case from state to federal court based upon the complete preemption provided by § 502(a) was improper because Plaintiff is neither a participant nor beneficiary, and thus has no standing to bring suit under

ERISA); Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc., 187 F.3d 1045 (9th Cir. 1999) (concluding that claims asserted by health care providers against a health care plan for breach of their provider agreements were not completely preempted under ERISA); Orthopaedic Surgery Associates of San Antonia, P.A. v. Prudential Health Care Plan, Inc., 147 F.Supp. 2d 595 (W.D. Tex. 2001).  This Court thus concludes that Defendants' action in removing this case from state to federal court based upon the complete preemption provided by Section 502(a) was improper because Plaintiff–a health care provider with an express fee-for-services contract with Defendant–is neither a participant  nor a beneficiary, and therefore has no standing to bring suit under ERISA.

     **B.**    **The Medicare Act**

Any claim "arising under" the Medicare Act must be brought pursuant to Section 405(g).  42 U.S.C. § 405(g); Heckler v. Ringer, 466 U.S. 602, 614-15 (1984) (stating that Section 405(h) makes Section 405(g) the sole avenue for judicial review of all claims "arising under" the Medicare Act).  Section 405(g) allows an individual to appeal a final decision of the Commissioner of Social Security to district court within 60 days notice of such decision.  42 U.S.C. § 405(g).  Thus, if Plaintiff's claims against Defendants "arise under" the Medicare Act, removal of this case to federal court was proper.  Berman, 1997 WL 534804 at *3 (holding that Defendant's removal of the case to federal court was improper because the Plaintiff's state law claims did not "arise under" the Medicare Act).

The Supreme Court has traditionally employed two tests to determine whether a claim "arises under" the Medicare Act.  "First, a claim a 'arises under' the Medicare Act 'if both the standing and the substantive basis for the presentation' of the claim is the Act."  Berman,

1997 WL 534804 at *3. "Second, a claim 'arises under' the Medicare Act if it is 'inextricably intertwined' with a claim for Medicare benefits." Id.

In the instant case, Plaintiff's claims against Defendants do not "arise under" the Act. First, the "standing and the substantive basis for the presentation" of Plaintiff's claims is not the Act. Plaintiff seeks damages from Defendants on theories of defamation and tortious interference with present and prospective contractual relationships. State common law, not the Medicare Act, provides the standing and substantive basis for the presentation of these claims. Second, Plaintiff's claims are not "inextricably intertwined" with a claim for Medicare benefits because Plaintiff is not seeking to recover Medicare benefits. For these reasons, Plaintiff's claims do not "arise under" the Medicare Act and are not completely preempted by the Medicare Act. As no other basis for federal subject matter jurisdiction exists, removal of this action to federal court was improper, and this Court will remand it to the Court of Common Pleas of Bucks County, Pennsylvania.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMTIAZ AHMAD, M.D., | : | CIVIL ACTION NO. 02-8673 |
| Plaintiff, | : | |
| v. | : | |
| AETNA U.S. HEALTHCARE, et al., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| IMTIAZ AHMAD, M.D., | : | CIVIL ACTION NO. 03-820 |
| Plaintiff, | : | |
| v. | : | |
| AETNA INC., et al., | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 14th day of September, 2005, upon consideration of Plaintiff's Motion to Remand to the Court of Common Pleas of Bucks County (Docket Nos. 13 and 26) and Defendants' Response to Plaintiff's Motion to Remand (Docket Nos. 16 and 30), it is hereby **ORDERED** that the Plaintiff's Motion to Remand is **GRANTED**. Accordingly, this case is remanded to the Court of Common Pleas of Bucks County.

This case is **CLOSED**.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.